UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dean Plummer, *individually and on behalf of all others similarly situated*,  Plaintiff,  - against -  Electrolux Home Products, Inc.,  Defendant | Class Action Complaint  Jury Trial Demanded |

Plaintiff, by attorneys, alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Electrolux Home Products, Inc. ("Defendant") manufactures, markets, and sells induction ranges and cooktops, such as the Gallery 30" Freestanding Induction Range with Air Fry (Model GCRI3058AF), under the Frigidaire brand ("Product").



2.	Defendant markets its induction ranges and cooktops with the representation that they feature "Auto Sizing™ Pan Detection."



Auto Sizing™ Pan Detection
Automatically detects the size of your pan to only send heat to whatever small, medium or large pan you are using.

> Auto Sizing<sup>TM</sup> Pan Detection
>
> Automatically detects the size of your pan to only send heat to whatever small, medium or large pan you are using.

3. The description of the Product tells consumers the Product will function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

**I.   PRODUCT MADE WITH DEFECTIVE AUTO SIZING PAN DETECTION FEATURE**

4. Consumers purchase induction ranges and cooktops for their wide range of functionality, ease of use, and convenience.

> Induction cooktops and ranges offer you a whole new way to cook.
>
> **What is Induction Cooking?**
>
> Unlike traditional electric and gas cooktops, induction technology uses magnetic currents to directly heat your pots and pans, instead of the cooktop. Cooking with induction makes mealtime easier with quicker heat, precise control, and easy cleanup.

5. Companies, like Defendant, make it a point to highlight the key features of their products, such as the Product's Auto Sizing<sup>TM</sup> Pan Detection.

### Keeping your cooktop clean has never been easier
Unlike traditional electric and gas cooktops, Induction only heats the pan and the food in it, so the area around the pan stays cooler to the touch, allowing you to clean up spills and splatters while you cook.

### Amazingly fast results
Get amazingly fast heat with Induction that boils water 50% faster than a gas or electric cooktop.[1]

### Safe Cooktop Surface
Induction only heats pans and the food in them so the area around the pans stays cooler to the touch.

### Perfect Temperature Precision
Sear steaks, crisp sandwiches, melt chocolate and simmer sauces with the precise temperature control and even heating of induction.

### Auto Sizing™ Pan Detection
Automatically detects the size of your pan to only send heat to whatever small, medium or large pan you are using.

6. Despite the marketing of the Product as capable of functioning reliably and automatically detecting the size of the pan being used, so as to adjust the burner size and send enough heat as needed, it did not function reliably or automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

7. The auto sizing pan detection feature of the Product is defective, in that it does not properly adjust the burner size to account for pan size.

8. Instead, the burner only sends heat to the inner few inches of the cookware.

9. This defect affects the function of the cooktop and results in uneven heating, causing food at the outer edges of the pan to undercook, while that in the center overcooks and/or burns.

10. Such performance contradicts Defendant's claim that its products and accompanying features offer, "precise temperate control [that] reduces the risk of over or under cooking [, given that] even, consistent heats delivers tasty and repeatable results every time."

4

# Consistently Delicious.

Precise temperature control reduces the risk of over or under cooking. While even, consistent heat delivers tasty and repeatable results every time.

11. Even if there is proper maintenance and only normal and intended use of the Product, the defect and related issues occur.

12. Consumers expect an induction range and/or cooktop represented – directly or indirectly – as capable of functioning reliably and automatically detecting the size of the pan being used, so as to adjust the burner size and send enough heat as needed, especially when it is marketed with Auto Sizing™ Pan Detection, to function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

13. Many individuals have complained online about the Product, the auto sizing feature defect, and Defendant's handling of the situation.

## II. CONCLUSION

14. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

15. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $1649.00, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

### Jurisdiction and Venue

16. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

5

17.     The aggregate amount in controversy exceeds $5 million, including any statutory damages, exclusive of interest and costs.

18.     Plaintiff is a citizen of Connecticut.

19.     Defendant is a Delaware corporation with a principal place of business in North Carolina.

20.     The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

21.     The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold for several years, with the representations described here, in hundreds of locations across the States covered by Plaintiff's proposed classes.

22.     The Product is available to consumers from appliance stores, big box stores, home improvement stores, specialty retailers, and online.

23.     Venue is in this District because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to these claims occurred in New Haven County, including Plaintiff's purchase and/or use of the Product and awareness and/or experiences of and with the issues described here.

**Parties**

24.     Plaintiff Dean Plummer is a citizen of Madison, Connecticut, New Haven County.

25.     Defendant Electrolux Home Products, Inc. is a Delaware corporation with a principal place of business in Charlotte, North Carolina, Mecklenburg County.

26.     Products under the Frigidaire brand have an industry-wide reputation for innovation, quality, and value.

27.     The Product is available to consumers from appliance stores, big box stores, home

improvement stores, specialty retailers, and online.

28. Plaintiff relied on the words, descriptions, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

29. Plaintiff purchased the Product on one occasion within the statutes of limitations for each cause of action alleged, from Page Hardware & Appliance Co., 9 Boston St, Guilford, CT 06437, in May 2021.

30. Plaintiff bought the Product because he believed and expected that it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed, because that is what the representations and omissions said and implied.

31. Plaintiff bought the Product at or exceeding the above-referenced price.

32. Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

33. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

34. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or components.

## Class Allegations

35. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Connecticut Class:** All persons in the State of Connecticut who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Maine, Massachusetts, New Hampshire,

7

Rhode Island, and Vermont who purchased the Product during the statutes of limitations for each cause of action alleged.

36. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

37. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

38. Plaintiff is an adequate representative because his interests do not conflict with other members.

39. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

40. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

41. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## Connecticut Unfair Trade Practices Act, Conn. Gen. Stat § 42-110a, *et seq.*

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Plaintiff believed that the Product would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

44. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**Violation of State Consumer Fraud Acts**
**(Consumer Fraud Multi-State Class)**

45. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

46. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

47. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

**Breaches of Express Warranty,**
**Implied Warranty of Merchantability/Fitness for a Particular Purpose and**
**Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.**

48. The Product was manufactured, identified, marketed, distributed, and sold by Defendant and expressly and impliedly warranted to Plaintiff and consumers that it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

49. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, product descriptions distributed to resellers, and targeted digital advertising.

50. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing to directly meet those needs and desires.

51. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send

9

enough heat as needed.

52. Defendant affirmed and promised that the Product would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

53. Defendant described the Product so Plaintiff believed it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed, which became part of the basis of the bargain that it would conform to its affirmations and promises.

54. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

55. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company, known for its high-quality appliances.

56. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

57. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

58. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

59. The Product did not conform to its promises or affirmations of fact due to Defendant's actions.

60. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made in marketing or advertising, because it was marketed as if it

would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

61. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

62. Defendant had a duty to truthfully represent the Product, which it breached.

63. This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company, known for its high-quality appliances.

64. Defendant's representations and omissions went beyond the specific representations made in marketing, and incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first, that it has been known for.

65. The representations and omissions took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

66. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, his purchase of the Product.

### Fraud

67. Defendant misrepresented the attributes and qualities of the Product, that it would function reliably and automatically detect the size of the pan being used, so as to adjust the burner size and send enough heat as needed.

68. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity of the representations.

## Unjust Enrichment

69. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated:   March 8, 2023

                                        Respectfully submitted,

                                        */s/ John Troy*
                                        John Troy (ct30804)
                                        Troy Law, PLLC
                                        41-25 Kissena Blvd Ste 110
                                        Flushing New York 11355
                                        (718) 762-1324
                                         troylaw@troypllc.com

                                        Sheehan & Associates, P.C.
                                        Spencer Sheehan (*Pro Hac Vice* forthcoming)
                                        60 Cuttermill Rd Ste 412
                                        Great Neck NY 11021

(516) 268-7080
spencer@spencersheehan.com